WALLACE, JUDGE:
The claimant seeks compensation for damages sustained by her 1969 Cutlass automobile which was struck by a fallen tree. In early June, 1979, the claimant was driving her automobile easterly on West Virginia Route 30/5 from her home in Gerrardstown, West Virginia, to the orchard where she was employed. It had been raining, and on the previous night there were heavy winds. The claimant had proceeded about a mile and a half to two miles when a large tree on the left side of the road fell without warning across her automobile. The roof and hood were damaged. The windshield and the windows on the left side of the automobile were broken. Damage to the vehicle amounted to $603.70. The accident occurred at about 9:45 a.m. The claimant traveled this road frequently going to and from work, and testified that she knew the trees were along the side of the road, but never observed the particular tree which fell.
West Virginia Route 30/5 is not a primary highway, but a dirt and gravel road which, years ago, was a lane to get from one orchard or farm to another, and over the years, it has been slowly upgraded. Today it runs between farms from one main county road to another county road.
Employees of the Department of Highways testified that they believed the tree to be within the road right of way, that they had experienced no difficulty with trees falling the area, and that they had received no complaints.
Carroll D. McDonald, Sr., claimant’s employer, testified that he was familiar with the facts surrounding the accident. He stated that he went to the scene of the accident after it occurred and pulled the tree from the road with his vehicle. He said that the tree was not dead or rotten, that it covered both sides of the road, and that it was *423 a sumac tree, which is a very soft, brittle, and undesirable tree. He further testified that there was nothing about this particular tree that would give the Department of Highways notice that it could suddenly snap and fall.
From the record, the Court finds that there is no explanation for the tree’s falling and that there is no evidence that it was caused by the negligence of the respondent. See Hersom et al. v. Department of Natural Resources, 12 Ct.Cl. 312 (1979), Shortridge v. Department of Highways, 11 Ct.Cl. 45 (1975). Recognizing that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways (Adkins v. Sims, 130 W.Va. 645 [1947]), and that no award can be made without proof of negligence, the Court disallows the claim.
Claim disallowed.